Edward G. Baker, J.
Petitioners, Flatbush Beal Estate Board, Inc., and Bushwick Beal Estate Board, Inc., hereinafter referred to as “ Flatbush Board ” and “ Bushwick Board ”, challenge, in this article 78 proceeding, the validity of Amendment No. 48 amending section 61 of the State Bent and Eviction Begulations. The section and the amendment provide as follows, the portion to which the challenge is directed, and against which protests were filed being italicized:
“ Section 61. General prohibitions. It shall be unlawful, regardless of any contract, lease or other obligation heretofore or hereafter entered into, for any person to demand or receive, any rent for any housing accommodations in excess of the maximum rent, or otherwise to do or omit to do any act, in violation of any regulation, order or requirement under the Act or these Begulations, or to offer, solicit, attempt or agree to do any of the foregoing.
[Amendment No. 48]
“ The term ‘ rent ’ as hereinbefore defined shall also include the payment by a tenant of a fee or rental commission to a landlord or to any person or real estate broker where such person or real estate broker is an agent or employee of the landlord or is employed by the landlord in connection with the operation of the building, or where the landlord lists the housing accommodation with such person or real estate broker for rental purposes, or where such person or real estate broker manages the building in which the housing accommodation is located, or where the landlord or his employee refer the tenant to such person or real estate broker for the purpose of renting the housing accommodation.”
The amendment quoted became effective December 15, 1955. On or about April 5, 1956 petitioners filed a protest which was denied by order and opinion of the State Bent Administrator issued August 30, 1956.
*77 The Flatbush Board’s objections are that the portion of the amendment challenged is 1) contrary to law; 2) an unlawful usurpation of power by the Rent Commission; 3) not within the scope of the State Residential Rent Law (L. 1946, ch. 274, as amd.); 4) not within the jurisdiction and control of the Rent Commission; and, 5) an unlawful attempt to regulate and interfere with lawful acts of independent real estate brokers who are not connected directly or indirectly with the ownership or management of the landlord’s property. The Bushwick Board objects on the ground that the amendment is unconstitutional in that it prohibits a real estate broker from collecting a commission from a tenant; and, further, that it is too indefinite and vague to permit of reasonable interpretation and enforcement and is, therefore, void.
There can be no question as to the right of the Rent Commission to promulgate rules and regulations necessary or proper, in order to effectuate the purposes of the statute.
Subdivisions 5 (par. [a]), 6 and 7 of section 4 of the State Residential Rent Law (as amd. by L. 1955, ch. 685) provide:
“ 5.(a). Whenever in the judgment of the commission such action is necessary or proper in order to effectuate the purposes of this act, the commission may, by regulation or order, regulate or prohibit speculative or manipulative practices or renting or leasing practices, including practices relating to recovery of possession, which in the judgment of the commission are equivalent to or are likely to result in rent increases inconsistent with the purposes of this act.
“ 6. Any regulation or order issued pursuant to this section may be established in such form and manner, may contain such classifications and differentiations, and may provide for such adjustments and reasonable exceptions as in the judgment of the commission are necessary or proper in order to effectuate the purposes of this act. No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued.
‘1 7. Regulations, orders, and requirements under this act may contain such provisions as the commission deems necessary to prevent the circumvention or evasion thereof.”
None of the parties to these proceedings has any quarrel with the proposition that rules and regulations promulgated by the commission pursuant to the authority so conferred must be reasonable, definite, at least to the extent necessary to eliminate obscurity of meaning, and appropriate to the accomplishment of the stated objects and general purposes of the statute.
*78 In its ££ statement of considerations ” the commission set forth its reasons for the promulgation of the rule in question. The statement is as follows:
“ The above amendment to Section 61 of the Rent and Eviction Regulations is clarificatory only and does not represent any change in the policy or opinion of the Administrator. The amendment was made to dispel uncertainty and confusion which apparently now exist with reference to payment by a tenant of a rental commission or fee for the rental of a housing accommodation. The word £ rent ’ as used in the first paragraph of Section 61 is defined so as to make payment of a broker’s commission by a tenant under the circumstances therein outlined an overcharge and therefore a violation of the Regulations.
£ ‘ The Administrator has always taken notice that, in general, prior to the date when rent controls were imposed in New York City, it was the practice for the landlord to pay the commission to a broker who had secured a tenant for him. This practice undoubtedly arose in markets where there was at least some equality of renting opportunity between landlords and tenants. When, however, the housing shortage became acute and the owner of an apartment could rent his premises without the aid of a broker’s services but prospective tenants had the greatest difficulty of finding or procuring apartments, services of a broker became relatively unimportant to the landlord. The practice therefore of compelling tenants to pay brokers ’ commissions for the rental of an apartment is a change in the rental practices and represents an attempt to foist on the tenant an obligation which normally rested on the landlord. It has therefore been the policy of the Commission to compel a broker or landlord to return a commission to the tenant where it has been paid under the circumstances outlined in the above definition of the word ‘ rent.’ This policy of the Commission will continue and enforcement actions will be taken where violations are uncovered.
“ This definition was enunciated in general terms by the Court in the following two cases which were brought under the Federal Rent Regulations: Woods v. William A. While & Sons, U. S. Court of Appeals, Second Circuit, October, 1948, Docket No. 21100; Woods v. Claving Realty Corp., et al., U. S. Court, of Appeals, Second Circuit, October 1948, Docket No. 21150. The Administrator does recognize that under certain circumstances the broker may be in fact working for the tenant in-securing an apartment for him and such services may therefore be vital to the tenant. Under such circumstances, the pay *79 ment of a commission by a tenant may not be a violation. This policy of the Administrator has been repeatedly stated as follows:
‘ ‘ Organizations or individuals which 1 find ’ apartments for their clients who are prospective tenants and charge commissions for such service are not in violation of the New York State Emergency Housing Rent Control Law or the Regulations issued pursuant thereto, provided that there is no agency relationship between the landlord and the organization or individual retained to 1 find ’ such apartment, and provided further that no part of the commission paid is turned over to the landlord. However, where a landlord lists a housing accommodation with a real estate agent for rental purposes or where a real estate agent manages property for an owner, the collection of a rental commission by such real estate agent from an incoming tenant would be considered an overcharge both by the landlord and the agent, within the meaning of the Act and the Regulations.
1 ‘ Thus, except where it can be clearly demonstrated that the commission has been paid to a ‘ finder, ’ the collection thereof will continue to be deemed an overcharge within the meaning of Section 61 of the Rent and Eviction Regulations.”
It will be seen that, under the commission’s own interpretation of the amendment, the payment of a broker’s commission by a tenant where the property has previously been listed by the owner with the broker is presumed, conclusively, to be an overcharge of rent and, therefore, violative of the act and regulations. Under this construction, the questions whether the broker or other person to whom the commission is paid is an agent or employee of the landlord, or is employed by the landlord in connection with the operation of the building, or whether there is collusion between the landlord and the broker, or whether the broker has rendered services for the tenant warranting payment of a commission by the latter, are immaterial. It is the payment by the tenant of a commission in connection with the rental of premises theretofore listed by the owner with the broker that is condemned and proscribed unqualifiedly, by the rule. Such payment is presumed to be illegal, an attempt to foist upon the tenant an obligation rightfully and normally that of the landlord, and an evasion of the provisions' of the statute.
Although the commission concedes in its memorandum that “ there may be situations where a broker may be entitled to a commission from a tenant even though the apartment has been listed with him ’ ’, and further, ‘ ‘ the question whether a brokerage fee constitutes a rent overcharge must depend upon *80 the particular facts involved ’ it seems to this court that the rule, as written, bars the possibility of inquiry into the facts in particular instances, and precludes any proceeding or hearing adapted to the full disclosure of those facts. If the rule requires this construction (and this court feels that it does), it necessarily follows that petitioners and others similarly situated are prospectively deprived of the right to judicial review.
The amendment is designed to prevent exaction by a landlord of an illegal rent by the device of using brokers to accomplish that purpose, a practice unquestionably within the power of the commission to proscribe. However, the rule is far broader than is necessary for the accomplishment of its purpose. As stated above, respondent concedes in memorandum that ‘ ‘ the question whether a brokerage fee constitutes a rent overcharge must depend upon the particular facts involved ”, but this amendment bars inquiry into the facts in any case where the property has previously been “ listed ” with the broker.
Respondent claims that it would be an impossible administrative task to embark upon an inquiry in each case to ascertain whether there was “ collusion or other agency between the landlord and the broker ’ ’. This court doubts that the task would be as difficult as respondent presumes. In any event, anticipated administrative difficulties afford no valid basis for the promulgation of a rule unreasonably restrictive of a legitimate business.
The challenged portion of the amendment, as written, is unreasonable, not a proper exercise of the discretion vested in the commission by the statute, and is invalid.
Settle orders.