Edward G. Baker, J.
In these article 78 proceedings petitioners seek to have declared invalid part of an amendment to section 61 of the State Rent and Eviction Regulations.
By amendment No. 48, promulgated by the State Rent Administrator, effective December 15, 1955, section 61 of the State Rent and Eviction Regulations, relating to general prohibitions, was amended by adding to said section 61 the following: ‘ ‘ The term ‘ rent ’ as hereinbefore defined shall also include the payment by a tenant of a fee or rental commission to a landlord or to any person or real estate broker where such person or real estate broker is an agent or employee of the landlord or is employed by the landlord in connection with the operation of the building, or where the landlord lists the housing accommodation with such person or real estate broker for rental purposes, or where such person or real estate broker manages the building in which the housing accommodation is located, or where the landlord or his employee refer the tenant to such person or real estate broker for the purpose of renting the housing accommodation.” (Italics ours.)
Petitioners filed protests to that portion of section 61 emphasized above. Petitioners ’ protests were denied and the article 78 proceedings were brought to review the denials. ■ The bases for the protests and for review are set forth in detail in an opinion of this court which granted the petitions and held the challenged portion of the amendment to be invalid. (See Matter of Flatbush Real Estate Bd. v. Weaver, 5 Misc 2d 75.)
Subsequent to the publication of said decision respondent promulgated Amendment No. 64 (eff. May 9, 1957) to eliminate that portion of section 61 which had been held objectionable by the court, and added in place thereof the following: ‘' Where the landlord has listed the housing accommodation with such person or real estate broker for rental purposes such fact shall *824 be prima facie evidence of the existence of an agency relationship between such other person or real estate broker and the landlord for the purposes of this section.” This amendment is now challenged upon the same grounds as the previous amendment, petitioners claiming that the effect of such amendment is the same, though the language differs. In this court’s previous decision it was pointed out that the right of the Temporary State Housing Rent Commission to promulgate rules and regulations necessary or proper to effectuate the purposes of the rent laws, could not be questioned but that ‘ ‘ under the commission’s own interpretation of the amendment, the payment of a broker’s commission by a tenant where the property has previously been listed by the owner with the broker is presumed, conclusively, to be an overcharge of rent and, therefore, violative of the act and regulations. Under this construction, the questions whether the broker or other person to whom the commission is paid is an agent or employee of the landlord, or is employed by the landlord in connection with the operation of the building, or whether there is collusion between the landlord and the broker, or whether the broker has rendered services for the tenant warranting payment of a commission by the latter, are immaterial.” (P. 79.)
This court further said (pp. 79-80):
“ Although the commission concedes in its memorandum that ‘ there may be situations where a broker may be entitled to a commission from a tenant even though the apartment has been listed with him ’ and further, ‘ the question whether a brokerage fee constitutes a rent overcharge must depend upon the particular facts involved ’, it seems to this court that the rule, as written, bars the possibility of inquiry into the facts in particular instances, and precludes any proceeding or hearing adapted to the full disclosure of those facts. If the rule requires this construction (and this court feels that it does), it necessarily follows that petitioners and others similarly situated are prospectively deprived of the right to judicial review.
“ The amendment is designed to prevent exaction by a landlord of an illegal rent by the device of using brokers to accomplish that purpose, a practice unquestionably within the power of the commission to proscribe. However, the rule is far broader than is necessary for the accomplishment of its purpose. As stated above, respondent concedes in memorandum that ‘ the question whether a brokerage fee constitutes a rent overcharge must depend upon the particular facts involved ’, but this amendment bars inquiry into the facts in any case *825 where the property has previously been ' listed ’ with the broker.”
It will be seen from the above that the objection to the previous amendment was that it barred the “ possibility of inquiry into the facts in particular instances, and precludes any proceeding or hearing adapted to the full disclosure of those facts.” The portion of Amendment 64 objected to here, however, does not bar inquiry into the facts in a particular case. The amendment merely provides that the payment of a brokerage fee, under the circumstances referred to in the amendment, is prima facie evidence of the existence of an agency relationship. This certainly does not preclude proof that such agency does not exist and that payment of brokerage commission was not for the purpose of evading the regulations. Where a brokerage commission is challenged on the ground that payment thereof by the tenant is for the purpose of exacting payment of additional rent, and that such payment is merely a subterfuge to evade the regulations, it may not be said to be an unreasonable exercise of the commission’s powers to require the parties interested, who are in the best position to support the claim of the legitimacy of the brokerage, to present evidence to justify the payment. Nothing more was intended by the decision of this court in the prior proceeding, above referred to, and the regulation, as now amended, is a reasonable exercise of the powers granted to the rent commission and is valid. All of the other objections have been considered by this court in the previous opinion or are without merit.
The application is denied. Settle order on notice.